■ ADELE F. LAFFERTY, Respondent, v RONALD J. LAFFERTY, Appellant. [663 NYS2d 108] —In an action, *inter alia,* for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered January 31, 1997, as denied his motion to vacate a preliminary injunction enjoining him from prosecuting an action for a divorce in the State of Connecticut.

Ordered that the order is affirmed insofar as appealed from, with costs.

An injunction against prosecution of a divorce action in a sister State may be granted when the rights of the resident spouse are threatened (*see, Vanneck v Vanneck,* 49 NY2d 602, 608). "The grant of such relief involves the exercise of discretion after consideration of such factors as the *bona fides* of the domicile established in the other State, the motivation for commencing an action there and the substantiality of contacts with that forum" (*Vanneck v Vanneck, supra,* at 608). Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion by enjoining him from prosecuting the divorce action in Connecticut, which he commenced approximately seven months after moving to that State. A judgment of divorce in favor of the defendant in Connecticut would violate the plaintiff's rights "respecting the subject of the action" (CPLR 6301), and tend to render her New York judgment ineffectual (*see,* CPLR 6301; *Browne v Browne,* 53 AD2d 134, 138). We further note that the parties

resided in New York throughout the marriage, that the marital residence is located in Westchester County, where the plaintiff and the parties' children continue to reside, and that the defendant is a member of the New York State Bar and practices law in this State. Under these circumstances, we decline to disturb the Supreme Court's exercise of discretion (*see, Browne v Browne, supra*). Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.